## IN RE PETITION TO ABANDON COUNTY DITCH NO. 13, POPE COUNTY.

242 N. W. 2d 827.

April 9, 1976—No. 45701.

*Winter, Lundquist, Sherwood & Athens* and *Marvin E. Lundquist*, for appellants.

*Holmquist & Holmquist* and *Roy W. Holmquist*, for respondents.

Heard before Otis, Peterson, and Yetka, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Landowners who petitioned for abandonment of a county drainage ditch pursuant to Minn. St. 106.661 and obtained from the Board of County Commissioners of Pope County an order authorizing such abandonment appeal from an order of the district court which vacated the board's order. We reverse.

The statute provides that "if it appears the ditch serves *any useful purpose* to any lands or property or the general public, the petition for abandonment shall be denied." (Italics supplied.) The district court found after a trial de novo that the ditch did benefit some property and concluded that the board had exceeded its statutory power. The question presented on appeal is whether the word "any" is to be read so literally as to require continued maintenance of the ditch, however speculative or insubstantial the benefits or however inequitable the assessments therefor. We think there is room within the statutory framework for the exercise of judgment by the county board.

County Ditch No. 13 is a 20-inch, buried tile conduit approxi-

mately 1/2 mile in length, which was installed in 1916 to drain the overflow waters of Cyrus Lake to the northeast into the Chippewa River, thus diverting such waters from their natural flow across lowlands to the southeast. A portion of Cyrus Lake is traversed by a New Prairie Township road running east and west. That portion of Cyrus Lake located north of the road is a slough known as Danielson Lake. The culvert under the road has collapsed or become plugged with sediment. Consequently, the New Prairie Township road acts as a dike separating the waters of Danielson Lake from the southern portion of Cyrus Lake. County Ditch No. 13 is located north of this dike and, to the extent it is operative, functions only to drain Danielson Lake.

The buried tile conduit which constitutes the ditch is itself in a serious state of disrepair. The viewers appointed by the board of county commissioners assumed that the ditch was functioning to some extent because they observed upwelling of water from two intermediate breaks. But the outlet into the Chippewa River was not visible because it was below the surface of the river. Although the viewers located the outlet by probing with a stick, they could not determine if any water was emitted therefrom. One of these viewers testified, and the district court found, that the ditch operates at approximately 50 percent of capacity. However, this viewer acknowledged that he was "just guesstimating." There is no reliable evidence to show the extent to which the ditch is functioning.

Whatever the extent to which the ditch is functioning, the benefits derived from its continued maintenance appear insubstantial, particularly in relationship to the assessments borne by those landowners whose property is not benefited. The district court found that the ditch benefited (1) two landowners, Donald Thompson and DeWayne Larson; (2) New Prairie Township and Pope County Roads; and (3) the sewage disposal system of the city of Cyrus.

The Thompson and Larson properties are located south of New Prairie Township road. So long as the culvert under the road re-

mains plugged, this property is isolated from the drainage ditch. If the ditch were abandoned and Danielson Lake had no outlet, it is conceivable that the level of the slough would rise above the New Prairie Township road and drain to the south across the Thompson and Larson properties. However, in the decade since the culvert became plugged and the dike formed, there is evidence of only one occasion when Danielson Lake threatened to overflow the New Prairie Township road. That occurred in 1972, after a period of heavy rainfall. To prevent an imminent overflow, the road was built up approximately 3 feet. Granted that this is a recurrent possibility, nevertheless, the possibility is too speculative and the benefit too indirect to require continued maintenance of the ditch.

With the respect to the New Prairie Township and Pope County roads, both of which abut Danielson Lake, the district court found that standing water tends to cause deterioration of the roadway. Since Danielson Lake will not be completely drained even if the ditch is maintained, the benefit derived by these roads is limited to the additional deterioration caused by the higher levels which might result if the ditch were abandoned. This benefit appears relatively minimal.

Finally, the district court found that the ditch was a direct outlet for effluent from a sewage filtration plant operated by the city of Cyrus north of the New Prairie Township road. The evidence does not reveal whether the city applied for or received permission to make this sewage connection pursuant to Minn. St. 106.561. If this use is not permitted, it is not protectable under the abandonment provisions. If it is a permitted use, we must presume that the requirements of Minn. St. 106.561, subd. 3, were followed and the city assessed for the benefits derived. Yet the December 1972 assessment for repair of the ditch shows only a small percentage of the costs being borne by the city. This recent assessment thus confirms that any benefit derived by the city is relatively insubstantial.

The assessments levied on the Thompson and Larson prop-

erties and on the New Prairie Township and Pope County roads are likewise a small percentage of the total costs. Although the precise amounts are not clear from the record, it appears that as much as 85 percent or more of the maintenance costs are borne by landowners deriving no benefit whatsoever from the ditch. This demonstrates the inequity which will prevail if the ditch is not abandoned. Under Minn. St. 106.471, subd. .5, assessments must be made in proportion to the benefits determined when the ditch was originally established in 1916 rather than in proportion to benefits presently derived.

This petition for abandonment was apparently filed to avoid further assessments for restoration and repair. Minn. St. 106.661 provides two grounds which may be asserted in a petition for abandonment:

"The petition shall designate the ditch proposed to be abandoned and set forth that the ditch is no longer of public benefit and utility [1] because of the general abandonment for agricultural uses of the lands served thereby or [2] *because the ditch has ceased to function and its restoration is not practical.*" (Italics supplied.)

The second ground was asserted here.

Notwithstanding the statutory mandate to deny the petition for abandonment if the ditch serves "any useful purpose," that phrase must be read with reference to the grounds which may be asserted for abandonment. Although this ditch may function to some extent, it is uncontroverted that it has ceased to function as it was designed to do. During the past 60 years, deterioration of the ditch and of conditions incident thereto, such as the culvert under the New Prairie Township road, has substantially changed the function and benefits of the ditch. If it is not practical to restore the ditch so that it functions as intended, it is unreasonable to base assessments for repair on benefits originally but no longer derived. It is not to be presumed that the legislature intends an unreasonable result.

Therefore, the county board must have discretion to authorize abandonment of a ditch where it has ceased to function as intended and restoration is not practical. It follows that restoration would be practical only if the benefits to be derived therefrom were so substantial as to exceed costs. Minn. St. 106.471, subd. 4(c). The county board made a legislative determination that restoration was not practical. On the record, we find no basis for disturbing that finding.

Reversed.